Arthur S. Hirsch, J.
This is an application by the plaintiff for an order to take the deposition of the New York City Police *223 Department by a member thereof, having knowledge of the facts, and requiring production of a letter alleged to have been written by the defendant landlord, to the Police Department, allegedly charging the plaintiff with running a house of prostitution at her apartment. The examination sought to enable plaintiff to frame a complaint in an action for libel which was started by the service of a summons.
This application involves the question as to whether the rights of an individual to prove an alleged libel are superior to the public interest, in protecting informants, so that the Police Department and other agencies of government may not be compelled to disclose its sources of information.
In the case of Vogel v. Grauz (110 U. S. 311) the court (pp. 315-316) stated inter alia: “ Public policy will protect all such communications, absolutely, and without reference to the motive or intent of the informer or the question of probable cause; the ground being that greater mischief will probably result from requiring or permitting them to be disclosed than from wholly rejecting them.”
Further, in the Matter of Langert v. Tenney (5 A D 2d 586 [1st Dept.]), which was an almost identical proceeding to the case at bar, wherein an Inspector of the Building Department was seeking an examination before trial to secure information to frame a complaint, which information had been sent to the then Commissioner of Investigation by an owner of a building against which the plaintiff had filed a violation, the court stated (pp. 588-589): “ The highly confidential and investigative function performed by the Commissioner of Investigation of the City of New York has been clearly determined by the Court of Appeals (Matter of Cherkis v. Impellitteri, 307 N. Y. 132). The very purpose of that office would be defeated if communications made to the Commissioner were subject to revelation at the suit of the affected individual. In this respect the Commissioner’s function is closely allied to that of the District Attorney or the police officer ”. Accordingly, the motion is denied.